```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-22965-CIV-MARTINEZ
                              MAGISTRATE P. A. WHITE

MOISES ATENCIO,           :

        Petitioner,       :

v.                        :       REPORT OF
                                  MAGISTRATE JUDGE
WALTER A. MC NEIL,        :

        Respondent.       :
_____
```

Moises Atencio, a state prisoner confined at Sumter Correctional Institution, has filed a pro se amended petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentence entered in Case No. 00-29668 in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this amended petition and memorandum of law, the Court has the respondent's response to an order to show cause with exhibits[1].

Atencio raises the following grounds for relief.

   1)   Prosecutorial misconduct denied the petitioner his

---

[1] Respondent filed a Response to Order to Show Cause as to the original petition on February 26, 2008. [D.E. 24]  However, Atencio had filed an amended petition on December 12, 2007. [D.E. 9]. However, for the purposes of this Report, it is not relevant as Atencio amended his petition to remove certain claims and did not raise additional claims. (See [D.E. 9]).

    right to Due Process and Equal Protection of law.

    i) Improper derogation of the defendant and the defense.

    ii) Improper bolstering of witness credibility.

    iii) Improper cross-examination of defendant.

    iv) Misleading and inflammatory "demonstration"

  2) Ineffective assistance of trial counsel where his lawyer failed to properly preserve arguments for an appeal.

  3) Ineffective assistance of appellate counsel where his lawyer failed to investigate a portion of the record which had been deleted or altered.

(See [D.E. 9]).

## PROCEDURAL BACKGROUND

The pertinent procedural history of this case is as follows. Atencio was charged by information with one count of murder in the second degree with a deadly weapon (Count I) and one count of murder in the first degree with a deadly weapon (Count II). (See [D.E. 20, Ex. A]). On February 3, 2003, a jury convicted Atencio on one count of manslaughter with a deadly weapon (as a lesser included offense) and one count of aggravated assault with a deadly weapon. (See [D.E. 20, Ex. B]). Atencio was sentenced to thirty years as to Count I and five years to Count II, sentence to run concurrently. (See [D.E. 20, Ex. C]) On January 14, 2004, Atencio filed his direct appeal to the Third District Court of Appeal. (See [D.E. 20, Ex. D]). Atencio argued

> A new trial [wa]s warranted due to the singular and combined effects of improper closing argument, improper bolstering of witness credibility as a result of improper cross-examination of the defendant, and misleading and inflammatory "reconstruction" of the crime by prosecutor.

2

[D.E. 20, Ex. E].

Atencio's conviction and sentences were per curiam affirmed on June 9, 2004. <u>Atencio v. State</u>, 874 So.2d 727 (Fla. 3d DCA 2004). Thereafter, Atencio filed a petition for writ of habeas corpus to the Third District Court of Appeal. (<u>See</u> [D.E. 20, Ex. G]). Atencio argued that "appellant counsel has deprived the appellant of a fair and reasonable review in the aforesaid cause which is clearly a violation of the appellant's sixth amendment right to effective assistance of appellant counsel." (D.E. 20, Ex. G] at 9). On September 7, 2005, the Third District Court of Appeal denied Atencio's writ without opinion. (<u>See</u> [D.E. 20, Ex. I]).

On October 17, 2005, Atencio filed a post-conviction motion with the trial court pursuant to Fla.R.Crim.P. 3.850 citing five grounds for relief. On September 20, 2006, Atencio filed an amended motion for post-conviction relief arguing the following eight grounds (the first five grounds were identical to the initial motion) for relief: 1) defense counsel was ineffective in failing to provide a supporting argument on defense motion for judgment of acquittal; 2)ineffective assistance of counsel in failing to properly examine medical examiner; 3)ineffective assistance of counsel in failing to object to prosecutor misconduct; 4) ineffective assistance of counsel in failing to timely and properly object to prosecutor misconduct during closing argument;5)ineffective assistance of counsel in failing to protect the defendant's constitutional right to effective assistance of counsel; 6) ineffective assistance of counsel in failing to object to the testimony of the knife when the knife was not presented in evidence; 7) ineffective assistance of counsel in failing to request the knife involved in the stabbing to be fingerprinted and presented at trial and 8)ineffective assistance of counsel in failing to object to the trial court denying the defense a procedural right to a closing "rebuttal"

3

argument. (See [D.E. 20, Ex. J:B]).

The trial court denied both the initial and amended postconviction motions. (See [D.E. 20, Ex. J:C,D]. On December 12, 2006, Atencio filed a motion for rehearing. (See [D.E. 20, Ex. J:E]). On January 5, 2007, the trial court denied the motion for rehearing. (See [D.E. 20, Ex. J:E]). Thereafter, on January 8, 2007, Atencio filed an appeal of the denial of his postconviction motion to the Third District Court of Appeal. (See [D.E. 20, Ex. K]). On July 25, 2007, the Third District Court of Appeal denied his appeal. (See [D.E. 20, Ex. L]). On October 16, 2007, mandate issued. (See [D.E. 20, Ex. M]). On November 9, 2007, Atencio came to this Court, filing a federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (See [D.E. 1]). On December 12, 2007, Atencio filed an amended federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (See [D.E. 9]). On February 26, 2008, the respondent filed its response to Order to show cause. (See [D.E. 24]).

## **ANALYSIS**

The respondent correctly concedes that this petition was filed timely pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz v. Bennett, 531 U.S. 4 (2000)(pendency of properly-filed state post-conviction proceedings tolls the AEDPA limitations period).

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that

4

>was adjudicated on the merits in State court proceedings unless the claim --
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court interpreted this provision as follows:

>Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially

5

indistinguishable facts. Id.; see also, Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. Id. In this context, an "unreasonable application" is an "objectively unreasonable" application. Williams v. Taylor, supra at 409.

The Eleventh Circuit has stressed the importance of this standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295 (quoting Bell v. Cone, 535 U.S. 685 (2002)).

Atencio's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, "which limits our review of the decisions of the state courts and establishes a 'general framework of substantial deference' for reviewing 'every issue that the state courts have decided.'" Fotopoulos v. Secretary, 516 F.3d 1229, 1232 (11th Cir. 2008) (citing Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007)(quoting Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005)).  This court is to affirm the decision of the state court unless the decision "'was contrary to, or involved an unreasonable

6

application of, clearly established Federal law as determined by the Supreme Court,' 28 U.S.C. §2254(d)(1), or there was an 'unreasonable determination of the facts,' *id.* §2254(d)(2)". Fotopoulos, 516 F.3d at 1232.

The Court is further bound by the restrictions set forth in 28 U.S.C. §2254(e). Section 2254(e) provides:

> **(e)(1)** In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

For the following reasons, Atencio has not met this burden.

### *A. Prosecutorial Misconduct*

Atencio raised this claim and accompanying sub-claims in his direct appeal to the Third District Court of Appeal. (See [D.E. 20, Ex. D at 35-46). The Third District Court of Appeal per curiam affirmed. Atencio v. State, 874 So.2d 727 (Fla. 3d DCA 2004).

The decision on direct appeal constitutes an "adjudication on the merits," and is thus entitled to deference under the Antiterrorism and Effective Death Penalty Act (AEDPA) for purposes of subsequent federal habeas corpus review, even though the state court did not issue an opinion providing any discussion with respect to his claims. Wright v. Secretary for Dept. of Corrections, 278 F.3d 1245 (11 Cir. 2002). Atencio is only entitled to relief if the state appellate court's rejection of

7

his claim was directly contrary to, or was an unreasonable application of, clearly established federal law. Id. at 1253-56. See also Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1325 (11 Cir. 2002). For the reasons stated herein, the appellate court's decision affirming Atencio's conviction on the subject issue was not unreasonable, and he is therefore not entitled to relief in this federal proceeding.

Atencio raises four sub-claims which he claims constitutes prosecutorial misconduct which "denied him a right a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution ..." ([D.E. 9] at 17). He argues that the prosecutor 1) improperly derogated the defendant and defense; 2)improperly bolstered witness credibility; 3) improper cross-examination of defendant and 4) misleading and inflammatory "demonstration". [D.E. 9]. The respondent argues that even if there were prosecutorial misconduct (which it denies), that "the defendant did not make a showing that the alleged error denied him a fundamentally fair trial." ([D.E. 24] at 30). The respondent further argues, "[t]he state appellate court's opinion on direct appeal was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. ([D.E. 24] at 30). The respondent is correct.

As to Atencio's first three sub-claims, to prevail on a claim of prosecutorial misconduct in a federal habeas corpus proceeding, a petitioner must demonstrate that the prosecutor's conduct violated a specific constitutional right or infected the trial with such unfairness as to make the resulting conviction a denial of due process. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). See also Greer v. Miller, 483 U.S. 756, 765

(1987)(quoting Donnelly v. DeChristoforo, 416 U.S. at 643). It is not enough to show that the prosecutor's conduct or remarks were undesirable or even universally condemned. Darden v. Wainwright, 477 U.S. 168, 181 (1986). In other words, the complained-of conduct must be so egregious as to render the entire trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. at 642-45. See also Greer v. Miller, 483 U.S. 756, 765 (1987)("To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." (internal quotations and citations omitted)); Davis v. Zant, 36 F.3d 1538, 1545 (11 Cir. 1994)(citing Donnelly v. DeChristoforo, 416 U.S. at 645). Although even a single improper question can provide a basis for habeas relief, it can do so only under unusual circumstances. Thus, "a prosecutor's unprofessional cross-examination ... cannot give rise to a constitutional claim unless the prosecutor's acts constitute 'egregious misconduct.'" Miranda v. Bennett, 322 F.3d 171, 180 (2 Cir. 2003)(*quoting* Donnelly v. DeChristoforo, 416 U.S. at 647-48).

The courts have held that calling the defendant a "**liar**," though perhaps undesirable, does not rise to the level of a constitutional violation particularly where, as here, "the statements would have been perceived only as commentary on the implausibility of the defendant's story." United States v. Hernandez-Muniz, 170 F.3d 1007, 1012 (10th Cir. 1999). See also Bland v. Sirmons, 459 F.3d 999, 1025 (10th Cir. 2006)(while labeling a defendant as a liar may be improper in certain situations, "it is permissible for the prosecution to comment on the veracity of a defendant's story"). Further, a petitioner is not deprived of due process where a prosecutor asserts that a defense witness lied, including the defendant, where such

9

statements were reasonable inferences drawn from the physical evidence and witness testimony.  See United States ex. rel. Williams v. Washington, 913 F.Supp. 1156, 1163-1164 (N.D.Ill. 1995). See also White v. Kapture 2001 WL 902500, *11 (E.D.Mich. 2001)(holding that a state prosecutor's references to a defendant as a liar and to the defendant's testimony as lies does not violate a habeas petitioner's right to a fair trial where the evidence of guilt is overwhelming, the remarks are isolated, and the remarks do not mislead the jury).

While it is true that the prosecutor's express and implicit suggestions that Atencio was a liar, while gratuitous and not the model for prosecutorial examination, did not deprive Atencio of a fair trial. See e.g., Byrd v. Collins, 209 F.3d 486, 536 (6th Cir. 2000)(holding that prosecutor's use of term "predator" to describe murder defendant did not deprive defendant of fair trial), citing, Olsen v. McFaul, 843 F.2d 918, 930 (6th Cir. 1988)(denying habeas relief and holding that the petitioner had not been deprived of a fair trial even where the prosecutor referred to the petitioner as a "deadbeat," "thief," "creep," and "liar"); United States v. Catalfo, 64 F.3d 1070, 1080 (7th Cir. 1995)("Where the character and credibility of the defendant are at issue and the evidence allows the inference that the defendant has been less than truthful, the prosecutor does not err in closing argument by referring to the defendant as a liar."); United States v. Dean, 55 F.3d 640, 665 (D.C.Cir. 1995)(holding that use of the word lie is permissible, depending on context and tone of summation, and as long as "the prosecutor sticks to the evidence and refrains from giving his personal opinion"); United States v. Jacoby, 955 F.2d 1527, 1540-41 (11th Cir. 1992)(holding that prosecutor's comments in criminal prosecution of bank officials, remarking that, given glaring differences in testimony

between prosecution and defense witnesses, "someone is committing perjury," and that testimony of two witnesses regarding fact in issue was "absolute lie," although colorful and perhaps flamboyant, were neither improper nor unduly prejudicial and did not require reversal; in each instance, prosecutor asked jury to consider and draw its conclusions from evidence in case, and jurors were instructed that argument by counsel was not evidence).

Here, Atencio has failed to show how he was prejudiced by the prosecutor's actions or statements and that the state appellate court's rejection of his claim was directly contrary to, or was an unreasonable application of, clearly established federal law such that federal habeas relief is warranted. Therefore, relief is denied to Atencio as to these sub-claims.

Atencio's fourth sub-claim is essentially a state evidentiary ruling. The prosecution wanted to utilize a "demonstration" during its cross examination of Atencio. (See [D.E. 20, Ex. D] at 42-3). Atencio's counsel objected, however, the trial court overruled the objection and the "demonstration" was done in front of the jury. (See Id.)

Federal courts will grant habeas corpus relief on the basis of a state evidentiary ruling only if the ruling adversely affects the fundamental fairness of the trial. Sims v. Singletary, 155 F.3d 1312 (11th Cir. 1998)(denying habeas corpus relief on a claim that a motion for mistrial was wrongfully denied). See also Estelle v. McGuire, 502 U.S. 62 (1991); Osborne v. Wainwright, 720 F.2d 1237, 1238 (11th Cir. 1983); Jameson v. Wainwright, 719 F.2d 1125 (11th Cir. 1983); DeBenedictus v. Wainwright, 674 F.2d 841, 843 (11th Cir. 1982). In general,

11

federal courts are reluctant to second-guess state evidentiary rulings, recognizing that states deserve wide latitude in that area, Maness v. Wainwright, 512 F.2d 88, 92 (5th Cir. 1975), so federal habeas corpus relief is rarely deemed appropriate for claims predicated on allegations of state evidentiary error. Boykins v. Wainwright, 737 F.2d 1539, 1543-44 (11th Cir.), cert. denied, 470 U.S. 1059 (1985). Moreover, such evidentiary rulings are subject to the harmless error analysis and will support habeas relief only if the error "had substantial and injurious effect or influence in determining the jury's verdict." Sims v. Singletary, 155 F.3d at 1312, quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).

Here, Atencio has failed to meet this high standard such that federal habeas relief is warranted[2]. Therefore, relief is denied to Atencio as to this sub-claim.

### B. Ineffective Assistance of Trial Counsel

Atencio raised this claim as ground three of his post-conviction motion filed with the trial court pursuant to Fla.R.Crim.P. 3.850. The trial court denied his motion and issued a written opinion. (See [D.E. 20, Ex. J:C]. Atencio filed an appeal of the denial of his postconviction motion to the Third District Court of Appeal. (See [D.E. 20, Ex. K]). The Third District Court of Appeal denied his appeal without opinion. (See [D.E. 20, Ex. L]).

---

[2] Indeed, a review of Atencio's amended petition shows that he fails to argue specifically how he was prejudiced by the prosecutor's actions or statements or that the state appellate court's rejection of his claim was directly contrary to, or was an unreasonable application of, clearly established federal law.

To prevail on a claim of ineffective assistance, a movant must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result; that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Review of counsel's conduct is to be highly deferential, and the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994).

The Circuit Court of the Eleventh Judicial Circuit, in and for, Miami-Dade County, Florida rejected Atencio's argument that his trial counsel was ineffective. ([D.E. 12] at 30). In the Order Denying Defendant's 'Motion for Post Conviction Relief, the Court specifically found "the record clearly refutes the Defendant's claim that defense counsel failed to object to the conduct of the prosecutor and the motion is denied on this ground." [D.E. 20, Ex. J:C]. This rejection was affirmed on appeal. <u>Atencio v. State</u>, 965 So. 2d 136 (3rd DCA 2007).

"A determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e). Atencio has not met this burden.

There is nothing in the record to suggest that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court or there was an unreasonable determination of the facts. See <u>Fotopoulos</u>, 516 F.3d at 1232. Therefore, the foregoing resolution of his assertion of ineffective assistance

13

was reasonable and in accord with applicable federal authority, and should not be disturbed. Williams v. Taylor, supra. Habeas relief is denied to Atencio as to this claim.

### C. Ineffective Assistance of Appellate Counsel

Atencio raised this claim in a petition for writ of habeas corpus to the Third District Court of Appeal. (See [D.E. 20, Ex. G]). On September 7, 2005, the Third District Court of Appeal denied Atencio's writ without opinion. (See [D.E. 20, Ex. I]).

To prevail on a claim of ineffective assistance, a movant must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result; that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Review of counsel's conduct is to be highly deferential, and the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

Atencio claims "appellant counsel failed to fully examine the record transcript on appeal which contained approximately twenty pages of altered or deleted testimony." ([D.E. 9] at 25). The respondent argues that "the state responded to the habeas petition in the Third District Court that upon review of the respondent's copy of the trial transcript, all of the abovementioned pages were, indeed, included in the record." ([D.E. 24] at 30). Even if Atencio's counsel efforts fell below constitutional standards by either failing to review and/or provide the appellate court with the proper transcript (which is in dispute), Atencio has failed to show prejudice as a result of

14

any counsel error. Further, there is nothing in the record to suggest that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court or there was an unreasonable determination of the facts.  See Fotopoulos, 516 F.3d at 1232. Therefore, the foregoing resolution of his assertion of ineffective assistance was reasonable and in accord with applicable federal authority, and should not be disturbed. Williams v. Taylor, supra. Habeas relief is also denied to Atencio as to this claim

## CONCLUSION

   For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

   Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

   Dated this 4th day of September, 2008.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

cc:   Moises Atencio, Pro Se
      Sumter Correctional Institution
      9544 CR 476B
      Bushnell, FL 33513

      Jill Kramer Traina
      Assistant Attorney General
      Office of the Attorney General
      444 Brickell Avenue
      Suite 650
      Miami, Florida 33131